UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-22916-COOKE
MAGISTRATE JUDGE REID

CHARLTON EDWARD LACHASE,

    Plaintiff,

v.

BUTLER FEDERAL MEDICAL CENTER et al.,

    Defendants.

_____/

## **REPORT OF MAGISTRATE JUDGE**

### I. Introduction

Plaintiff, **Charlton Edward LaChase**, while confined at Miami Federal Detention Center, filed a *pro se* civil action pursuant to 42 U.S.C. § 1983. [ECF No. 1]. Plaintiff challenges the actions of an employee at Butner Federal Medical Center in Granville County, North Carolina, which took place when he was being housed there beginning on December 5, 2019. [*Id.*]. Granville County is situated within the judicial district of the Eastern District of North Carolina. *See* 28 U.S.C. § 89(a).

This cause has been referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding

dispositive motions. *See* 28 U.S.C. § 636(b)(1)(B); *see also* S.D. Fla. Admin. Order 2019-2. [ECF No. 2].

## II. Legal Analysis

It appears from a review of the Complaint that Plaintiff has filed this case in the wrong venue. Venue for 42 U.S.C. § 1983 actions is governed by 28 U.S.C. § 1391(b), which provides:

> [a] civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Pursuant to § 1391(b), Plaintiff should have filed this case in the Eastern District of North Carolina because his allegations are centered around events that took place in Butner Federal Medical Center in Granville County, North Carolina. As a result, under 28 U.S.C. § 1406(a), the Court must either dismiss the case or, if it is in the interest of justice, may transfer the case to the proper district court. *See* 28 U.S.C. 1406(a)

Transfer, rather than dismissal, is preferred to advance "[a]n expeditious and orderly adjudication of cases and controversies." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962); *see also Margulis v. Stryker Corp.*, No. 19-20637-CV-Scola, 2019 WL 1970596, at *1 (S.D. Fla. April 23, 2019). "[V]enue provisions are designed, not to keep suits out of the federal courts, but merely to allocate suits to the most appropriate or convenient federal forum." *Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 710 (1972). Moreover, § 1406(a) was enacted to "[a]void[ ] the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn." *Goldlawr*, 369 U.S. at 466.

### III. Conclusion

Here, it appears that transfer to the **Eastern District of North Carolina** would be appropriate. The relevant records in the instant lawsuit are presumably situated in that judicial district and Plaintiff has simply filed the case in the wrong venue. Based on the foregoing, the Undersigned **RECOMMENDS** that the Court transfer this case to the United States District Court for the Eastern District of North Carolina, and the case **CLOSED**.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar

plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985).

DONE AND ORDERED at Miami, Florida, this 16th day of September, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:

**Charlton Edward LaChase**
17080104
Miami FDC
Federal Detention Center
Inmate Mail/Parcels
Post Office Box 019120
Miami, FL 33101
PRO SE